ELVIRA M. MONFORT AND ELVIRA C. WINCHELL v. WELLS
J. L. STEVENS.

*Contract—Construction of—Intention of parties—Deed—Practical
construction.*

1. The only object in construing a contract is to arrive at the intention of the parties.
2. What the parties to a deed did immediately after its execution affords a safe criterion of their intention and of the meaning of the language used in the conveyance.

Error to Calhoun. (Hooker, J.) Argued November 10, 1887. Decided January 5, 1888.

Ejectment. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*M. D. Weeks (F. P. Monfort,* of counsel), for appellants.

*N. B. Gardner (Miner & Stace,* of counsel), for defendant.

CHAMPLIN, J. In this action of ejectment both parties claim through Samuel Huxford.

The cause was tried before Hon. Frank A. Hooker without a jury, who made a written statement of facts and law as follows:

"1. On the first day of November, 1865, Samuel Huxford was seized in fee of the following-described premises, viz: Commencing at a stake one hundred feet west of the northeast corner of block number fifty-seven, in the village of Albion, running thence south, parallel with the east line of said block, to the north line of railroad lands; thence northwesterly, along said railroad lands, to the west line of said block; thence north to the south line of Porter street; thence east to the place of beginning.

"2. Said Huxford, being so seized, afterwards, on the said first day of November, 1865, conveyed the said premises by good and sufficient deed of conveyance to Otis D. Weston.

" 3. Afterwards, on the twelfth day of November, 1866, said Weston executed and delivered to one Gardiner W. Davis, a deed of said premises, with the following exception, viz.: Excepting and reserving therefrom sixty-eight feet of land off from the east end of said premises.

" 4. Said Davis was at once put into possession by his grantor of the premises understood by the parties to have been conveyed to him, said Weston continuing in the possession and occupation of the portion understood to have been excepted. They agreed upon a line between their respective parcels, and dug a well and built a fence upon said line, sharing the expense. Said line cut off a strip of land sixty-eight feet wide from the east side of said premises, which was thereafter occupied by said Weston until the first day of November, 1872, or thereabouts. During such occupancy, he erected on said land a dwelling and a barn, worth in the neighborhood of $1,300.

" 5. Said house and barn were completed in the spring of 1867.

" 6. On October 1, 1872, said Weston executed and delivered to Lurany Barker a deed of the following-described premises, viz.: All that part or parcel of land situated in block fifty-seven in the village of Albion, county of Calhoun, State of Michigan, bounded as follows, viz.: Commencing at a stake one hundred feet west of the north-east corner of said block, running thence west sixty-eight feet, along the south line of Porter street; thence south to the north line of lands owned by the Michigan Central Railroad ; thence, south-easterly, along the north line of said railroad, to a point south of the place of beginning; thence to the place of beginning,—and put her in possession thereof, being the same premises mentioned in the fourth finding of fact.

" 7. Said Barker has continued in the peaceable possession of said premises, in person or by tenant, until the present time, the defendant being a tenant of hers, and in occupancy of said premises before and at the time this action was begun.

" 8. On the first day of October, 1867, said Davis, for a valuable consideration, made and delivered to Samuel V. Irwin his promissory note for the sum of $1,000, together with a real-estate mortgage, to secure the payment of the same. The premises were described in the same manner that they were in the deed he had previously received from Weston.

" 9. On the thirty-first day of March, 1883, said Irwin sold and duly assigned in writing said note and mortgage to

the plaintiffs, for a valuable consideration, said assignment being properly acknowledged, and duly recorded in the register's office for the county of Calhoun, on the twenty-sixth day of April, 1883.

"10. The plaintiffs proceeded to foreclose said mortgage by advertisement, and the premises were sold, by virtue of said proceedings, on the sixteenth day of July, 1883, to them; in pursuance of which sale, the sheriff of said county, on the same day, executed to them a deed of said premises, which deed was duly recorded in the proper office on the same day. The description in said deed was the same as that in the mortgage. All of the foreclosure proceedings were regular.

"11. In February, 1885, the plaintiffs demanded the surrender of the possession of the premises, by the defendant, at the same time exhibiting to him the sheriff's deed aforesaid. Defendant refused to yield possession."

From the foregoing facts, the circuit judge found, as the conclusion of law, that a piece of land 68 feet in width, off from the east end of the parcel described, was accepted in both the deed from Weston to Davis, and mortgage from Davis to Irwin, and that defendant should have judgment.

The contention of the plaintiffs is that the exception contained in the deed from Weston to Davis should be construed as reading as follows:

" Excepting and reserving therefrom sixty-eight square feet of land off from the east end of said premises,"—

Which would make a strip of land extending along the east end of the premises about six inches wide.

We think this construction wholly inadmissible. There was nothing in the situation of the parties, the subject matter, or the surrounding circumstances, which would render such construction at all reasonable.

The only object of construing a contract is to arrive at the intention of the parties. What the parties did immediately after the execution of the deed affords a safe criterion of their intention and of the meaning of the language used in the conveyance. Those facts are embodied in the fourth

finding, and they render it certain that the 68 feet excepted was to be a strip 68 feet in width off of the east end of the lot. The testimony of the witness to prove these facts was properly admitted in evidence.

The case is so plain that it does not call for any extended discussion.

The judgment is affirmed.

SHERWOOD, C. J., and MORSE J., concurred. CAMPBELL, J., did not sit.